IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-04988-PAB

JESUS JONATHAN LOPEZ TOVALIN,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility, Aurora, Colorado,
NATHAN RASPER, Acting Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement, and
TODD BLANCHE, United States Attorney General,

Respondents.[1]

---

**ORDER**

---

This matter comes before the Court on petitioner Jesus Jonathan Lopez Tovalin's pro se[2] application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 7. Respondents filed a response. Docket No. 13.

## I. BACKGROUND[3]

Petitioner is a native and citizen of Mexico who was arrested at the border when he reentered the United States on March 20, 2025. Docket No. 7 at 8. Petitioner came

[1] Pursuant to Fed. R. Civ. P. 25(d), Nathan Rasper, David J. Venturella, and Todd Blanche are substituted as respondents.
[2] Because petitioner is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[3] Respondents indicate they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 13 at 2. Accordingly, the Court draws all facts from Mr. Lopez Tovalin's petition.

to the United States to seek asylum after being mutilated and tortured by a cartel. *Id.* at 2. Petitioner completed a one-year federal sentence for illegal reentry on March 20, 2026 and was immediately taken into custody by immigration officials. *Id.* at 9. Petitioner alleges he was seized without a warrant or probable cause. *Id.* at 10. Petitioner's appeal from the denial of his application for asylum remains pending and petitioner asserts that it will remain pending for a long time. *Id.* at 8, 11.

Petitioner claims that his ongoing detention violates his rights under the Fifth Amendment. *Id.* at 6. In support, petitioner states that he has been detained for many months. *Id.* He also claims his rights under the Fourth, Sixth, and Fourteenth Amendments have been violated. *Id.* at 6-7. As relief, petitioner seeks immediate release from detention. *Id.* at 7.

As noted above, respondents indicate in their response they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." Docket No. 13 at 2. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* According to respondents, "the appropriate relief would be an order directing that Respondents, within seven days of this Court's order, <u>release</u> Petitioner from detention." *Id.* (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

Petitioner has been detained since March 20, 2026, over seven months. Petitioner argues that the length of his detention renders it unconstitutional. Docket No. 7 at 6. Petitioner also alleges that, due to the appeal of his asylum application, his immigration case will not be resolved for a long time. *Id.* at 8. Respondents do not refute this allegation or otherwise argue that petitioner's detention is constitutional. The

unreasonably prolonged detention of an immigration detainee can violate the Fifth Amendment's Due Process Clause. *Andrade de Zarate v. Choate*, No. 23-cv-00571-PAB, 2023 WL 2574370, at *5 (D. Colo. Mar. 20, 2023) (holding that petitioner's "detention for over fourteen months without a bond hearing violates her Due Process rights under the Fifth Amendment"). While petitioner has only been detained for approximately half as long as the petitioner in *Andrade de Zarate*, respondents make no argument that petitioner's detention is not unreasonably prolonged. Respondents also do not refute petitioner's claim that his detention will likely last for a long time in the absence of habeas relief. In the absence of any argument to the contrary, the Court finds that petitioner's detention is unreasonably prolonged and thus violates his due process rights. The Court further agrees with the parties that the appropriate relief for such a claim is release.

**CONCLUSION**

Therefore, it is

**ORDERED** that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 7] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED November 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge